Caruthers vs. The Real Estate Bank.

## CARUTHERS *vs.* THE REAL ESTATE BANK.

Where a declaration, in a suit by the Real Estate Bank, states a note, payable at its branch at *Washington,* and the note given on oyer is payable at its branch at *Washing,* this variance is fatal on demurrer.

THIS was an action of debt, determined in the Clark Circuit Court, in October, 1841, before the Hon. WILLIAM CONWAY B., one of the Circuit Judges. The Bank sued Caruthers, on a note, stated, in the declaration, to be payable at its branch at Washington. On oyer craved, a note was filed, payable at its branch at Washing. Demurrer for the variance overruled, and judgment for the plaintiff.

*Trapnall & Cocke,* for plaintiff in error, cited *Sebree et al. vs. Dorr,* 9 *Wheat.* 558; *Ferguson vs. Harwood,* 7 *Cranch,* 408; *Craig vs. Brown,* Peters C. C. R. 139; *Exon vs. Russell,* 4 *M. & S.* 505.

*Pike & Baldwin,* contra, insisted that the Court judicially knew that there was a branch of the Bank at *Washington,* and none at *Washing,* and cited *Lewis vs. Few,* 5 *J. R.* 1; *Wood vs. Buckley,* 13 *J. R.* 486; *Com. vs. Parmenter,* 5 *Pick.* 279.

*By the Court*, DICKINSON, J. The principle, in this case, was discussed and decided in the case of *The State Bank vs. Hubbard*, during the present term; and the authorities there referred to, we deem conclusive. The variance, in this instance, is fatal. The note declared on was said to be payable at the office of the Real Estate Bank at *Washington*. On oyer, the one produced was payable at *Washing*, instead of *Washington*. The Court below unquestionably erred in not sustaining the defendant's demurrer to the declaration.

Judgment reversed.